```
                                              FILED
                                         U.S. DISTRICT COURT
                                         INDIANAPOLIS DIVISION
       UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF INDIANA       10 APR 16 PM 1:47
            INDIANAPOLIS DIVISION
                                          SOUTHERN DISTRICT
                                              OF INDIANA
                                           LAURA A. BRIGGS
                                                CLERK
```

PAUL CATLIN, )
)
      Plaintiff, ) CAUSE NO._____
)
v. )
)
BIOPRO TECHNOLOGY, GIA WELLNESS, )
ALFRED HANSER, RAY W. GRIMM, JR. )
LYNDA CORMIER, GARY MERRITT, )
GLOBAL QUANTECH, INC., IGOR SMIRNOV )
and DIRECT EDGE MEDIA, INC. )
      Defendants. )

1:10-cv-0451 LJM-DML

## NOTICE OF REMOVAL

Defendants, Gia Wellness, Alfred Hanser, Lynda Cormier, Gary Merritt, Global Quantech, Inc., and Igor Smirnov, hereby file their Notice of Removal of this action from the Hamilton County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

In further support, the Defendants state:

1. On March 12, 2010, the Plaintiff filed a Class Action Complaint ("Complaint") against the Defendants in the Hamilton County Superior Court, cause number. 29D01-1003-CT-310. A copy of the Complaint is attached as **Exhibit A**.

2. The undersigned are attorneys for defendants, Gia Wellness, Alfred Hanser, Lynda Cormier, Gary Merritt, Global Quantech, Inc., and Igor Smirnov. The undersigned are also attorneys for Biopro Technology to the extent "Biopro Technology" is a product brand name licensed to defendant Gia Wellness. The undersigned are **not** attorneys for any corporate entity doing business as "Biopro Technology." The

1

Complaint is not clear as to whether the plaintiff is suing "Biopro Technology" as a product/brand name, or as a separate business entity.

3. The first defendant to be served with the Complaint was Direct Edge Media, Inc., which was served by certified mail on March 19, 2010.

4. Receipt of the Complaint and Summons on March 19, 2010, by defendant Direct Edge Media, Inc., was the first receipt through service or otherwise, of the copy of the initial pleading setting forth the claim for relief upon which the Hamilton Superior Court action is based.

5. Pursuant to 28 U.S.C. § 144(b), "a notice of removal may be filed within thirty days after the receipt through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Based upon the receipt of the Plaintiff's Complaint on March 19, 2010 by defendant Direct Edge Media, Inc., this "Notice of Removal" of the Hamilton Superior Court action is filed timely and within the proper thirty (30) day period.

6. Hamilton County, Indiana, is situated in the Indianapolis Division of the United States District Court for the Southern District of Indiana and pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate forum to entertain this Notice of Removal.

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. 1332. This action may be removed to this Court pursuant to 28 U.S.C. § 1332(d) in that the matter in controversy exceeds the sum of $5,000,000.00, exclusive of costs and interest, and is a class action in which a member of the class of plaintiffs is a citizen of a State different from any one defendant.

8. Upon information and belief, representative Plaintiff Paul Catlin is a resident of Hamilton County, Indiana.

9. All Defendants are either residents of the State of California or entities with principal places of business in the State of California.

10. The only paper, pleadings or orders known to the Defendants to have been filed in the Hamilton Superior Court are the Class Action Complaint, an Appearance on behalf of the moving Defendants, an Unopposed Motion For Thirty (30) Day Enlargement Of Time To File Responsive Pleading, and an Order granted April 14, 2010, granting the motion for enlargement of time. Copies of the Appearance, the motion for enlargement of time, and the order are attached as **Exhibit B**.

11. Defendants have served upon counsel for Plaintiff copies of this Notice of Removal, with Exhibits, and have filed a true copy of this Notice of Removal without Exhibits with the Clerk of the Hamilton Superior Court.

WHEREFORE, Defendants file this Notice of Removal so that the entire state court action now pending in the Hamilton Superior Court shall be removed to this Court for all future proceedings.

Respectfully submitted,

CHURCH CHURCH HITTLE & ANTRIM

By: *J. M. Antrim, APP*
J. Michael Antrim, # 2438-29

*Eric M. Douthit, APP*
Eric M. Douthit, #20099-49

*A. Pinegar*
Alexander P. Pinegar, #26543-49

        Church, Church, Hittle & Antrim
        938 Conner Street
        P.O. Box 10
        Noblesville, IN 46061
        317-773-2190 (telephone)
        317-773-5320 (facsimile)
        antrim@cchalaw.com
        edouthit@cchalaw.com
        apinegar@cchalaw.com

### Certificate of Service

I, the undersigned, hereby certify that a copy of the foregoing has been served on the following by depositing the same in the United States mail, postage prepaid, properly addressed, this 16th day of April, 2010:

        William N. Riley
        Brad A. Catlin
        Price Waicukauski & Riley, LLC
        The Hammond Block Building
        301 Massachusetts Avenue
        Indianapolis, IN 46204

        _____
        Alexander P. Pinegar

Church, Church, Hittle & Antrim
938 Conner Street
P.O. Box 10
Noblesville, IN 46061
317-773-2190 (telephone)
317-773-5320 (facsimile)

4